The Chancellor.
The bill charges that the complainant is the owner in fee, in her own right, of a farm in the county of Morris, and of the stock thereupon; that the complainant, with her husband and children, reside upon the farm, and cultivate it, and the proceeds are used for the support of the complainant and her family, and that no part of the proceeds of her husband’s business have gone to the support of his family or the carrying on of the farm; that the whole purchase money of said farm was paid by the complainant out of her separate estate, and the farm is conducted by the complainant at her own expense, and for the support of herself and children; that the sheriff, by virtue of an execution at law and by direction of the defendant, the plaintiff in said execution, has levied upon the growing crops upon the farm, and is about proceeding to sell the same, in disregard of the claim and the rights of the complainant. •
It is not denied that the bill, in its general aspect, presents a clear case for injunction. The complainant, under color of legal proceedings, is about to be stripped of the moans of subsistence for herself and her family without the opportunity of a trial of her right. An action at law against the sheriff or the plaintiff in execution affords her no adequate redress.
1. It is objected that the husband is a necessary party to the bill. The bill is exhibited and sworn to by the husband as *426 the next friend of the wife; but he is not joined as a party in the bill, either as complainant or defendant. He cannot legally be joined as complainant, his interest, which is ■claimed by the defendants, being adverse to that of his wife. Persons having adverse or conflicting interests in reference ■to the subject matter of the litigation ought not to join as complainants in the suit. Davies v. Quarterman, 4 Younge & Coll. 257; Grant v. Van Schoonhoven, 7 Paige 257; Alston v. Jones, 3 Barb. Ch. R. 400.
And if the husband and wife join in a suit as plaintiffs, or in an answer as codefendants, it will be considered as the suit or the defence of the husband alone; and it will not prejudice a future claim by the wife in respect of her separate interest, nor will the wife be bound by any of the allegations therein in any future litigation. Pawlet v. Delaval, 2 Ves. sen. 666; Mole v. Smith, 1 Jac. & W. 648; Hughes v. Evans, 1 Sim. & Stu. 185; Reeve v. Dalley, 2 Ibid. 464; Wake v. Parker, 2 Keen 73; England v. Downs, 1 Beavan 96; Sigel v. Phelps, 7 Simons 239; Owden v. Campbell, 8 Simons 551; 1 Daniell’s Ch. Prac. 142.
And in a suit by the wife for her separate estate, the husband is a necessary defendant. S. A. and Thorby v. Yeats, 1 Younge & Coll. 438.
But the practice, where the husband unites with the wife, is not to dismiss the bill, but to give permission to the wife to amend by adding a next friend and making the husband a defendant. England v. Downs, 1 Beavan 96; Wake v. Parker, 2 Keen 73.
Or, where no objection is interposed, to decree the fund to be paid to a trustee for the use of the wife. Griffith v. Wood, 2 Vesey 452; Simons v. Horwood, 1 Keen 7; Sigel v. Phelps, 7 Simons 239.
In Bein and Wife v. Heath, 6 Howard 228, it was held, by the Supreme Court of the Hnited States, that it was no objection to a bill filed in relation to the separate property of the wife, that the husband is made a party to it with his wife. In delivering the opinion of the court, Mr. Justice *427 McLean said: “where the wife complains of the husband, and asks relief against him, she must use the name of some other person in prosecuting the suit; but where the acts of the husband are not complained of, he would seem to be the most suitable person to unite with her in the suit. This is a matter of practice within the discretion of the court. It is sanctioned in the sixty-third section of Story’s Equity Pleadings and by Eonblanque.” In some of the earlier editions of Story’s Equity Pleadings, the practice, as stated by Mr. Justice McLean, was certainly sanctioned by the language of the section referred to. It is stated to be the ordinary practice, at least for conformity’s sake, in suits by or against the wife in regard to her separate property, to join the husband as a party plaintiff or defendant. But in the more recent editions of the treatise the phraseology of the section is materially changed, with the very design of guarding against misapprehension, and conforming it to the well settled rule of the English courts of equity. The rule is stated thus : “In practice, where the suit is brought by the wife for her separate property, the husband is sometimes made a coplaintiff. But this practice is incorrect, and in all such cases she ought to sue as sole plaintiff by her next friend, and the husband should be made a party defendant, for he may contest that it is her separate property, and the claim may be incompatible with his marital rights.” Story's Eq. Pl. (6th ed.), § 63.
In the case of Wake v. Parker, 2 Keen 59, Lord Laugdale sustained a demurrer on the ground of a misjoinder of parties to a bill filed by the husband and wife for the separate estate of the wife. In the course of an elaborate examination of the question, he said: “ It has undoubtedly been very usual to file such bills, and many decrees have been made without objection in suits instituted by the husband and wife for the wife’s separate estate, the court itself taking care that the separate estate of the wife recovered in such suits shall bo protected from the husband.....Nevertheless, whenever the attention of the court has been drawn to *428 the subject, such suits have always been considered to be the suits of the husbands, and to be instituted and prosecuted by them and under their influence.” And after referring to a number of the cases already cited, he adds: “It was argued that these authorities do not apply to cases in which there is no dispute between husband and wife; but in considering them, I think they do not admit of that limitation, and that it is necessary to regard the interest of all parties. Not only ought the wife to be protected'in the enjoyment of her separate property, but the parties, also, who are sued ought to be protected against concurrent or consecutive demands of the husband, suing in the name of himself and his wife, and of the wife suing by her next friend.” The demurrer was sustained, but leave -was given to strike out the name of the husband as plaintiff, and make him a defendant, and to insert the name of a next friend to the wife and children.
In Fonblanque’s Eq., Book 1, ch. 2, § 6, page 109, note {p), it is said: “ There are numberless cases in which the wife has been allowed, through the medium of her proohein amy, to sue her husband in respect of her separate property; but I have not been able to find any case, either at law or in equity, in which she has been allowed to sue or be sued by a stranger, merely in respect of her separate property, without her husband being plaintiff or defendant.” It is a misjoinder for him to unite in the suit as plaintiff; he must therefore be made a defendant. In this jmrticular the bilí is open to demurrer. But it constitutes no good ground for dissolving the injunction. The bill may be amended, and the objection remedied, even after injunction granted, without prejudice to the injunction.
2. It is objected that the bill does not show with sufficient certainty that the property in controversy is the separate property of the wife. The bill does in terms allege that the wife acquired title to the real estate by grant; that the title is not only in her, but that she paid the whole purchase ■money out of her separate estate. The ground of the objection is understood to be, that the complainant acquired title *429 to the farm now owned by her in 1857; that the title to the land in Newark, which was then sold, and for which she received the present form, for all that appears by the bill, may have been acquired during the coverture, and before the passage of the act of 1852; that she may not therefore, by virtue of that act, have had title to the said land as her sole and separate property as if she were a single female, and that consequently her husband may be entitled to a life estate in the said land. The bill contains no averment of the time of the complainant’s marriage, nor whether in point of fact she was married at the time she acquired title to the real estate in Newark; and it may therefore in strictness be open to objection on this ground upon demurrer. Certainly the mere exchange of property during coverture, and while the husband was embarrassed by debt, would not change the essential rights of the parties; and the complainant will be required by evidence to establish clearly her sole and separate title. But as the bill contains an express averment that the title to the real estate now occupied by the complainant is in her, and that the purchase money was paid out of her separate estate, tlie bill is not wanting in equity merely because it does not show with legal precision how the land originally became her separate property.
3. It is further objected, that although the title to the land is in the wife, yet inasmuch as the bill alleges that the land is conducted and worked by the complainant and her children that tlie crops in law belong to the husband; that the services of the wife and minor children belong to the husband; that her contracts are his contracts; that the laborers she employs are his servants, and that consequently the crops are his. Such a conclusion is a legal inference directly in the face of the express averments of the bill. It rests on the assumption that the work was done for the husband, while the bill charges that it was in fact done for the wife. It is not denied that the wife is entitled to the rents, issues, and profits of her land; and yet, if the objection is valid, she can neither rent nor employ any one to cultivate *430 it, because her contract would be the contract of her husband, and her tenant his tenant. The obvious answer to the objection is, that the wife may lawfully contract in regard to her separate estate, and she will be entitled to the benefit of such contract; that with the assent of the husband and father, the labor of the wife and children may be bestowed upon the separate property of the wife, and thus enure to her benefit. I know of no rule of law which requires a husband and father to compel his wife and children to work in the service of his creditors. It is not claimed that the statute has given the wife any right to deal with her separate property in the way of trade as a feme sole without the assent or agreement of her husband. It has been decided that it does not. Freeman v. Orser, 5 Duer 476.
Under the facts stated in the complainant’s bill, the assent of the husband to the cultivation of the land by the wife, he ’living in the house and being engaged in other employments, will be implied.
In the present state of the law in regard to husband and wife, the question has aspects that are worthy of consideration ; but I am clear that there is nothing in the objection that should prevent the issuing of the injunction.
The injunction is allowed. Costs of this motion to abide the event of the suit.